**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

RASZELL REEDER,

          Plaintiff,

        -v-                         9:24-CV-514 (AJB/DJS)

S. WRIGHT *et al.*,

          Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

RASZELL REEDER
Plaintiff, Pro Se
94-A-6388
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

HON. LETITIA JAMES                 ALEXANDRA L. GALUS, ESQ.
New York State Attorney General      Assistant Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

**Hon. Anthony Brindisi, U.S. District Judge:**

## <u>ORDER ON REPORT & RECOMMENDATION</u>

On January 8, 2024, *pro se* plaintiff Raszell Reeder ("plaintiff"), an individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this 42 U.S.C. § 1983 action alleging that corrections officers at Mid-State Correctional Facility violated his constitutional rights. Dkt. No. 13. The matter was initially assigned to U.S. District Judge Mae A. D'Agostino, who reviewed the original and amended pleadings, dismissed certain claims, and ordered four defendants—Brinkerhoff, Johnson, Domser, and Wright—to

- 1 -

respond to plaintiff's § 1983 Eighth Amendment claims for excessive force and failure to intervene. Dkt. No. 16. Thereafter, defendants answered the remaining claims, Dkt. No. 30, the matter was reassigned to this Court, Dkt. No. 32, and defendants moved for summary judgment, Dkt. No. 58. That motion was fully briefed, Dkt. Nos. 61, 62, and then referred to U.S. Magistrate Judge Daniel J. Stewart for the issuance of a Report & Recommendation ("R&R").

On June 22, 2026, Judge Stewart advised by R&R that defendants' motion for summary judgment be granted. Dkt. No. 64. As Judge Stewart explained, even viewed in the light most favorable to him, plaintiff could not establish either element of his § 1983 Eighth Amendment excessive force claim against the defendant involved in handcuffing him and therefore his failure-to-intervene claims (which would be derivative of any actionable excessive force claim) were subject to dismissal against the other defendants, too. *Id*.

Plaintiff has lodged objections. Dkt. No. 65. There, plaintiff restates his basic version of events: that Officer Domser sought to handcuff him to escort him to a medical visit at a hospital, plaintiff had to lean down through a slot in the cell door that was uncomfortable, Officer Domser was having trouble with the handcuffs or the handcuff key, plaintiff became frustrated and asked him what he was doing, the incident caused him to suffer bruises and lumps, the officer continued to have issues with the handcuffs or key at other spots in the facility, and he eventually received medical attention. *See id*. Defendants have responded to plaintiff's objections. Dkt. No. 66.

Upon *de novo* review, Judge Stewart's R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C). Although the Court is mindful of plaintiff's subjective impression of events (that he has restated in his objections), a review of the transcript of plaintiff's deposition, *see* Ex. A to Dkt. No. 58-1, confirms that, even viewed in the light most favorable to plaintiff, no rational factfinder properly instructed as to the relevant governing law could hear plaintiff's version of events

and conclude that any named defendant violated plaintiff's Eighth Amendment rights under the circumstances.

Therefore, it is

ORDERED that

1.  The Report & Recommendation (Dkt. No. 64) is ACCEPTED;

2.  Defendants' motion for summary judgment (Dkt. No. 58) is GRANTED; and

3.  Plaintiff's amended complaint (Dkt. No. 13) is DISMISSED with prejudice.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated:  July 27, 2026
        Utica, New York.

Anthony J. Brindisi
U.S. District Judge